UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-TP-60024-ROSENBERG/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KELVIN MELENDEZ-RODRIGUEZ,

    Defendant.
    _____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 AND 2

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable Robin L. Rosenberg. DE 12. The Court held a hearing on August 3, 2023, on the Petition for Warrant for Offender under Supervision (the "Petition"). DE 3. Assistant United States Attorney Ajay Alexander appeared on behalf of the Government. Attorney Stephen J. Golembe appeared on behalf of Defendant, who was also present. United States Probation Officer Julio Sanchez appeared on behalf of United States Probation.

1. The hearing was translated to Defendant by the Court's Spanish language interpreter. Defendant indicated that he was able to understand what was being said to him throughout the hearing.

2. The Petition was filed in this case on July 27, 2022, and it charges the Defendant with the following violations of supervised release:

**Violation Number 1**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about June 2, 2022[1], in Broward County, Florida, the defendant committed the offense of conspiracy to

---

[1] During the hearing, Attorney Golembe clarified that the June 2, 2022 date listed in the Petition is the date Defendant was charged by way of Indictment, and the correct offense date for the conspiracy to distribute a controlled substance

>   distribute a controlled substance 21 U.S.C § 846, in Case No. 0:22-CR-60127-RLR-1.

**Violation Number 2**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about June 2, 2022[2], in Broward County, Florida, the defendant committed the offense of attempted possession with intent to distribute a controlled substance 21 U.S.C § 846, in Case No. 0:22-CR-60127-RLR-l.

3. During the hearing, Defendant stated that he wished to admit to Violation Numbers 1 and 2 as set forth in the Petition.

4. The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing to accept his admission. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing and could request that the District Judge conduct the hearing instead. Defendant, his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to accept his admission.

5. Defendant then admitted Violation Numbers 1 and 2 as set forth in the Petition.

6. The Government read into the record the possible maximum penalties Defendant faces. Defendant stated that he understood the penalties.

7. The Court questioned Defendant on the record to make certain that he understood his right to an evidentiary hearing. Defendant acknowledged that he understood his rights and

---

is March 9, 2022. Both Assistant United States Attorney Alexander and United States Probation Officer Sanchez also agreed to the clarification.

[2] During the hearing, Attorney Golembe clarified that the June 2, 2022 date listed in the Petition is the date Defendant was charged by way of Indictment, and the correct offense date for the attempted possession with intent to distribute a controlled substance is March 9, 2022. Both Assistant United States Attorney Alexander and United States Probation Officer Sanchez also agreed to the clarification.

that, if his admission is accepted, all that will remain is for the District Judge to conduct a sentencing hearing for final disposition of this matter.

8. The Government proffered a factual basis for the admissions into the record. The parties also submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. DE 15. Defendant agreed that the facts as stated by the Government and in the Factual Proffer are true and correct and that the Government could prove those facts if an evidentiary hearing were held in this matter.

9. Having considered the facts and Defendant's admission thereto, the Court finds that there is a sufficient factual basis to support Defendant's admission to Violation Numbers 1 and 2 as set forth in the Petition.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's admission to Violation Numbers 1 and 2 as set forth in the Petition, find that Defendant violated the terms of his supervised release, and conduct a sentencing hearing for the final disposition of this matter.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 8th day of August, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE